1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    SHIRLEY AGULLANA,                        No.  2:23-CV-1674-DMC

12                 Plaintiff,

13           v.                                <u>MEMORANDUM OPINION AND ORDER</u>

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                     Defendant.
16

17

18           Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19    review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20    Pursuant to the written consent of all parties, ECF Nos. 7 and 9, this case is before the

21    undersigned as the presiding judge for all purposes, including entry of final judgment.  <u>See</u> 28

22    U.S.C. § 636(c).  Pending before the Court are the parties' briefs on the merits, ECF Nos. 12, 14,

23    and 15.

24           The Court reviews the Commissioner's final decision to determine whether it is:

25    (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

26    whole.  <u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

27    more than a mere scintilla, but less than a preponderance.  <u>See</u> <u>Saelee v. Chater</u>, 94 F.3d 520, 521

28    (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

1 a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole,

2 including both the evidence that supports and detracts from the Commissioner's conclusion, must

3 be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones

4 v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The Court may not affirm the Commissioner's

5 decision simply by isolating a specific quantum of supporting evidence. See Hammock v.

6 Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative

7 findings, or if there is conflicting evidence supporting a particular finding, the finding of the

8 Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

9 Therefore, where the evidence is susceptible to more than one rational interpretation, one of

10 which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.

11 Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

12 standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th

13 Cir. 1988).

14         For the reasons discussed below, the matter will be remanded for further

15 proceedings.

16

17 **I.  THE DISABILITY EVALUATION PROCESS**

18         To achieve uniformity of decisions, the Commissioner employs a five-step

19 sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§

20 404.1520 (a)-(f) and 416.920(a)-(f).  The sequential evaluation proceeds as follows:

21
22
      Step 1      Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

23
24
25
      Step 2      If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

26
27
28
      Step 3      If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989).  The claimant has the initial burden of proving the existence of a disability.  See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work.  See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f).  If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy.  See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

3

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on February 28, 2021.  See CAR 17.[1] In the application, Plaintiff claims disability began on November 17, 2020.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on September 20, 2022, before Administrative Law Judge (ALJ) Vincent Misenti.  In a November 3, 2022, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

> 1.  The claimant has the following severe impairment(s): bipolar disorder with anxiety and depression;
>
> 2.  The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3.  The claimant has the following residual functional capacity: full range of work at all exertional levels; the claimant is able to perform simple, routine, and repetitive tasks; the claimant is able to occasionally interact with supervisors, coworkers, and the public; the claimant is able to tolerate few changes in a routine work setting, defined as occasional work changes;
>
> 4.  Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> See id. at 20-28.

After the Appeals Council declined review on June 20, 2023, this appeal followed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1]  Citations are to the Certified Administrative Record (CAR) lodged on September 29, 2023, ECF No. 11.

1

**III.  DISCUSSION**

2        In her opening brief, Plaintiff argues the ALJ failed to provide sufficient reasons

3  for rejecting her subjective statements and testimony.  See ECF No. 12.

4        The Commissioner determines the weight to be given to a claimant's own

5  statements and testimony, and the court defers to the Commissioner's discretion if the

6  Commissioner used the proper process and provided proper reasons.  See Saelee v. Chater, 94

7  F.3d 520, 522 (9th Cir. 1996).  An explicit finding must be supported by specific, cogent reasons.

8  See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990).  General findings are insufficient.

9  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  Rather, the Commissioner must identify

10  what testimony is not afforded weight and what evidence undermines the testimony.  See id.

11  Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's

12  reasons for rejecting testimony as not credible must be "clear and convincing."  See id.; see also

13  Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue,

14  504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

15        If there is objective medical evidence of an underlying impairment, the

16  Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely

17  because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d

18  341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in Smolen v. Chater:

19            The claimant need not produce objective medical evidence of the
20  [symptom] itself, or the severity thereof.  Nor must the claimant produce
   objective medical evidence of the causal relationship between the
   medically determinable impairment and the symptom.  By requiring that
21  the medical impairment "could reasonably be expected to produce" pain or
   another symptom, the Cotton test requires only that the causal relationship
22  be a reasonable inference, not a medically proven phenomenon.

23        80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in
   Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).
24

25        The Commissioner may, however, consider the nature of the symptoms alleged,

26  including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell,

27  947 F.2d at 345-47.  In weighing a claimant's statements and testimony, the Commissioner may

28  also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other

5

1  inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to

2  follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and

3  (5) physician and third-party testimony about the nature, severity, and effect of symptoms.  See

4  Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the

5  claimant cooperated during physical examinations or provided conflicting statements concerning

6  drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the

7  claimant testifies as to symptoms greater than would normally be produced by a given

8  impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See

9  Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

10         The ALJ provided the following summary of Plaintiff's statements and testimony:

11  . . .The claimant alleges that she is limited in her ability to understand and
remember information, concentrate and complete tasks, and generally

12  limited in her ability to perform work-related activities. It was also alleged
the claimant was forgetful, that her ability to follow both written and

13  verbal instructions was poor, that she did not get along with authority
figures, and that she did not handle stress well (Ex. B4E). It was further

14  alleged the claimant generally did not operate a motor vehicle or shop in
stores alone due to her history of anxiety. At the hearing, the claimant

15  alleged similar impairments and limitations. She testified to persistent
mood dysfunction and instability including frequent crying spells, and

16  chronic feelings of sadness and depression. She further alleged poor sleep
quality, lack of motivation to perform even basic activities such as

17  cleaning, and that the claimant's symptoms significantly limited her ability
to perform most daily activities (Hearing Testimony). The record

18  additionally includes a third-party function report, authored by Leonila
Agullana, the claimant's mother (Ex. B5E). The mother alleged the

19  claimant was severely limited in her ability to understand and remember
information, concentrate and complete tasks, get along with others, and

20  severely limited in her ability to perform most work-related activities (Ex.
B5E). The undersigned has considered all of the allegations offered in this

21  case.

22  After careful consideration of the evidence, the undersigned finds that the
claimant's medically determinable impairments could reasonably be

23  expected to cause the alleged symptoms; however, the claimant's
statements concerning the intensity, persistence and limiting effects of

24  these symptoms are not entirely consistent with the medical evidence and
other evidence in the record for the reasons explained in this decision.

25  As for the claimant's statements about the intensity, persistence, and

26  limiting effects of her symptoms, they are inconsistent with the objective
evidence. Inconsistent with the allegation of disabling mental limitations,

27  objective mental status examinations frequently documented the claimant
with fully alert and oriented cognition, grossly normal thought processes,

28  normal memory and concentration skills, normal judgment and insight,

6

1    cooperative demeanor, intact speech and language activity, and frequently
     no signs of acute psychological distress (e.g., Ex. B3F/31, 35, 45-46, 67-
2    68; B6F/80-81, 84-85, 94-95).

3          CAR 22-23.

4          The ALJ then provided a concise summary of the objective medical evidence and

5    concluded as follows:

6          The objective evidence supports the claimant's residual functional
           capacity. Objective mental status examinations that documented the
7          claimant with fully alert and oriented cognition, frequently normal mood
           and affect, normal speech and language skills, cooperative demeanor,
8          intact memory and concentration, and intact judgment and insight, support
           the conclusion that the claimant is able to perform simple, routine and
9          repetitive tasks. Such findings additionally support the conclusion that the
           claimant can have occasional interaction with coworkers, supervisors, and
10         the public. Additionally, such objective findings support the conclusion
           that the claimant can tolerate few changes in a routine work setting.
11
           CAR 24.
12

13         Plaintiff argues that the ALJ's rationale is not supported by the record.  See ECF

14   No. 12, pgs. 9-13.  According to Plaintiff:

15         First, the ALJ cannot dismiss a claimant's testimony because the
           objective medical records do not support the degree of limitation alleged. . . .
16
                                    * * *
17
           Second, the ALJ could not dismiss Ms. Agullana's testimony
18         because she retained a level of functioning that was well within functional
           limitations that would allow her to maintain full time employment. Indeed,
19         quite contrary to this finding, Ms. Agullana testified that she slept 15
           hours a day because it was hard for her to get up. (AR 40). Ms. Agullana
20         stated that when she was out of bed she would get something to eat, watch
           a little bit of TV and then go back to bed. (AR 41). She further noted that
21         her mom does the chores because cannot do it. (AR 41). She noted that she
           had a hard time completing a chore because she gets angry and depressed.
22         (AR 41). None of this activity is commensurate with a level of functioning
           that was "well within functional limitations." Indeed, aside from this
23         assertion, the ALJ failed to provide any explanation of the activity level
           that was well within functional limitations. As such, this could not
24         constitute a clear and convincing reason to dismiss Ms. Agullana's
           testimony.
25
           ECF No. 12, pgs. 9-13.
26

27   / / /

28   / / /

                                    7

1    At the outset, the Court finds that Plaintiff's argument that her daily activities as

2 performed do not show an ability to perform full-time work is misplaced.  The ALJ did not cite to

3 Plaintiff's daily activities as a reason to give her statements and testimony little weight.

4    Plaintiff's argument that the ALJ erred by relying solely on inconsistency with the

5 objective medical record is, however, well-taken.  In this case, the ALJ provided one reason for

6 discounting Plaintiff's statements and testimony – inconsistency with the objective medical

7 findings.  As explained above, this is not a sufficient reason when offered as the only reason.  See

8 Bunnell, 947 F.2d at 347-48.  Because the ALJ has not offered legally sufficient reasons for

9 discounting Plaintiff's subjective statements and testimony, the matter will be remanded.

10

11                              **IV.  CONCLUSION**

12    For the foregoing reasons, this matter will be remanded under sentence four of 42

13 U.S.C. § 405(g) for further development of the record and/or further findings addressing the

14 deficiencies noted above.  Accordingly, IT IS HEREBY ORDERED as follows:

15        1.    Plaintiff's motion for summary judgment, ECF No. 12, is granted.

16        2.    Defendant's motion for summary judgment, ECF No. 14, is denied.

17        3.    The Commissioner's final decision is reversed and this matter is remanded

18 for further proceedings consistent with this order.

19        4.    The Clerk of the Court is directed to enter judgment and close this file.

20

21 Dated:  April 15, 2024

22                                                                                 _____

                                                                                   DENNIS M. COTA
23                                                                                 UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                                 8